# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ARTHUR BETTS, II,

    Plaintiff,

v.

INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS LOCAL 1220,
and CBS BROADCASTING, INC. d/b/a
WBBM-TV,

    Defendants.

No. 06 C 3766

Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Plaintiff, Arthur Betts II ("Betts") has filed suit against his employer, CBS Broadcasting, Inc. ("CBS"), and his union, International Brotherhood of Electrical Workers, Local 1220 ("Local 1220"), alleging that CBS breached certain terms of the applicable collective bargaining agreement when it discharged him, and that the IBEW breached its duty of fair representation to him. The IBEW has now filed this motion to dismiss the complaint. For the following reasons, IBEW's motion is granted.

**FACTS**

Arthur Betts II ("Betts"), an African-American cameraman for CBS in Chicago, is a member of Local 1220, IBEW. The IBEW is the exclusive bargaining agent for Betts at WBBM-TV, a CBS station. The applicable National Agreement has provisions regarding discharge for just cause, which includes unsatisfactory performance due to inability or unwillingness to perform assigned work. The agreement also contains grievance and arbitration remedies.

On September 9, 2005, Betts had a traffic accident while driving a CBS news van during work hours. CBS suspended him without pay pending an investigation. Betts filed a grievance about a week later and a grievance meeting took place on October 25. CBS fired Betts on October 27. Local 1220 demanded arbitration. Betts asked Local 1220 for legal representation at the arbitration, but was told it would be too costly. He eventually hired his own lawyer. In January, 2006, CBS and the Local agreed that neither side would have attorneys at the arbitration.

The parties held the expedited arbitration on January 23, 2006. Madeleine Monaco ("Monaco"), Local 1220's business manager, represented Betts. CBS was represented by counsel. On January 27, the arbitrator decided in writing that Betts was properly fired. The opinion noted that Betts was fired because his "reckless behavior on the road endangered the life of another employee and the public generally, as evidenced by the fact that a person in the car [Betts] struck had to be taken to a hospital by ambulance" and because of a "less than satisfactory work record," which included a disciplinary warning in July 2005.

The arbitrator also found the following:

> whether [Betts] fell asleep as he repeatedly stated after the collision or lost consciousness due to a medical condition as he now contends (and since he was previously aware of the symptoms) [Betts] put himself and others at risk through his inattention to duties. Here the risk was not potential. As a result of [Betts'] inattention to duties, there was physical injury and property damage . . . . [Betts] falling asleep at the wheel or passing out when [he] experienced the same symptoms in the past, but nevertheless continued to drive, with the resultant collision which caused injury and property damage constitute serious misconduct justifying the bypassing of progressive discipline.

The arbitrator believed he had no choice but to sustain the discharge and noted that "notwithstanding the strong efforts by the Union on [his] behalf, the Company's arguments prevail . . . . The grievance is denied."

Betts claims that Monaco did not "adequately and fully" represent him at the arbitration and did not specifically object to CBS's violations of the arbitration agreement.[1] He also alleges that, subsequent to his loss in arbitration, the Local did provide a lawyer to another technician who was not a member of a protected class and that other technicians, also represented by Local 1220, who are not African-American have not been subjected to suspension without pay or terminated for involvement in accidents with station vehicles.[2]

The Local moves to dismiss the fair representation claim. Such claims by a member against his or her Union face some hurdles deliberately erected by Congress and the courts to support the idea of collective representation, which lies at the heart of any union enterprise. CBS also moves to dismiss the claims against it, claiming that Betts cannot sue CBS unless the union breached its duty.

---

[1] Local 1220 filed a copy of the collective bargaining agreement, as well as the arbitration transcript and decision along with the motion to dismiss. These items may be properly considered since they lie at the heart of one half of the complaint and are referenced in the complaint. *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002). I reject what I regard as a tongue-in-cheek argument that these materials are not central to the claim. It is true that some of the facts pleaded concern actions which occurred outside the arbitration hearing, but unless Plaintiff shows that the result of the arbitration hearing probably would have been different, most, or all, of his case goes away.

[2] These technicians worked at WTTW, which is not owned or affiliated with CBS.

**STANDARD**

A motion to dismiss tests the sufficiency of a complaint, not the merits of a case. *Autry v. Northwest Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). I should grant Defendant's motion to dismiss only if Plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Furthermore, I must accept all well-pleaded factual allegations in the Complaint as true, drawing all reasonable inferences from those facts in Plaintiff's favor. *Cleveland v. Rotman*, 297 F.3d 569, 571 (7th Cir. 2002). I may grant Defendant's motion only if "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

**ANALYSIS**

**The Statute of Limitations**

The statute of limitations for a claim of breach of the duty of fair representation is six months, starting from the date when the plaintiff discovers (or should have discovered) the act of violation. *Christiansen v. APV Crepaco, Inc.*, 178 F.3d 910, 914 (7th Cir. 1999). However, Betts argues that the failure to provide a lawyer was not ripe until the arbitration was over, relying on the doctrine that the damage is not done until the arbitration is lost. Under that doctrine, the intermediate steps do not matter until the loss actually occurs.

The doctrine does not apply in this case because here the bite of that refusal to provide counsel was quite immediate. Betts had to hire his own lawyer. So, the limitations ran from the day he hired a lawyer, which was around November 9. He did not file a lawsuit until seven

months later.³ Therefore, the portion of the claim directed to Local 1220's failure to provide a lawyer is dismissed.

The absence of counsel at the arbitration was caused by another act – the violation of the agreement that there would be no lawyers at the hearing. That portion of the claim is not time-barred.

**The Breach of the Duty of Fair Representation.**

The standard for a breach of this duty is that the actions of the union must be arbitrary or discriminatory or done in bad faith. *Air Line Pilots Ass'n v. O'Neill*, 499 U.S. 65, 67 (1991). Arbitrariness is hard to prove, since anything less than an egregious disregard for the member or irrational action by the union will not be enough. *See Marquez v. Screen Actors Guild, Inc.*, 525 U.S. 33, 46 (1998). Discriminatory or bad faith actions are slightly less difficult. A plaintiff would have to show specific conduct, tied to an improper motive, which had some actual effect on the outcome for the member. *Garcia v. Zenith Electronics Corp.*, 58 F.3d 1171, 1180 (7th Cir. 1995).

The complaint is largely a general assertion that the Local breached its duty. Under notice pleading, I think the bad motive – racial bias – is barely alleged. The specific failings are that Local 1220 failed to argue that the suspension without pay violated the Agreement, that CBS failed to provide Local 1220 with a copy of its new policy of automatic suspension, that CBS failed to convene a grievance meeting until late October and that Local 1220 failed to object to CBS having a lawyer at the arbitration, despite an agreement to the contrary.

---

³Dismissing this claim does not mean that Plaintiff is precluded from using the denial of counsel as evidence of Defendant's mental state if the case survives.

With respect to Betts' disagreements with Local 1220's arbitration strategy (which may not be enough), he never alleges how those actions would have made a difference at the arbitration. With respect to the union denying him a lawyer, he concedes that the union had no obligation to provide one, but argues that it denied a lawyer to him and provided lawyers to others not in the protected class. To the extent that the union may have provided a lawyer in a later case, he does not indicate that the other union member was similarly situated.

Betts does not explain how the decision would have been affected if Local 1220 had raised the issues he wanted to raise. Also, the transcript shows that Local 1220 did offer evidence of other employees who had accidents and were not discharged, but this did not alter the decision. Monaco fought on his behalf, and the arbitrator recognized this.

Local 1220's advocacy may have been sub-par, but this is not enough to breach the duty of fair representation. Most importantly, Betts, in his answer to the motion to dismiss, never gives any indication (through a short and plain statement) that any of the things the union did not do would have had an effect on the result of the arbitration. *See Williams v. Romano Bros. Beverage Co.*, 939 F.2d 505, 508 (7th Cir. 1991); *Garcia*, 58 F.3d at 1180. In some cases, a simple allegation will be sufficient to establish that the arbitrator's decision would probably have been different. For example, a plaintiff might allege that the Union failed to call witnesses who would testify that the plaintiff was not the one driving the truck, and the Union failed to do this because it wanted to protect the member who was driving the truck. Here, none of the matters raised by Plaintiff deal with the determination that Plaintiff's actions on the day of the accident warranted his discharge.

**CONCLUSION**

I dismiss the complaint against the Local and, out of necessity, the claims against CBS as well, since it cannot be sued unless the Local is liable. *See Cleveland v. Porca Co.*, 38 F.3d 289, 297 (7th Cir. 1994). However, I will grant Plaintiff 28 days to replead his claim (except for the portions that were dismissed as a result of the statute of limitation). If he files an amended complaint, Plaintiff must explain, in a short and plain statement, his theory of why the various shortcomings of the union's representation contributed to an erroneous decision, the outcome of which would probably have been different had the errors not been made.

ENTER:

*James B. Zagel*
James B. Zagel
United States District Judge

DATE: May 24, 2007