**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ARTHUR BETTS, II,

    Plaintiff,

v.

INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS LOCAL 1220
and CBS BROADCASTING, INC. d/b/a
WBBM-TV,

    Defendants.

No. 06 C 3766
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

I granted a motion to dismiss this case by rejecting various claims and theories of recovery. I gave Plaintiff leave to replead one aspect of his claim, that is, that his Union Local 1220 ("Union") breached its duty of fair representation to him during an arbitration of a grievance he filed pursuant to the collective bargaining agreement. Plaintiff has re-pled, and again dismissal is sought. I incorporate the text of my prior opinion into this opinion to avoid needless repetition.

In the first complaint, as in this one, there are four ways in which the Union is said to have violated its duty to Plaintiff. It went ahead with the arbitration despite the fact that WBBM-TV had a lawyer representing it contrary to its agreement that there would be "no attorneys" at the hearing and then failed to present evidence of a medical condition of Plaintiff that would have excused or mitigated his conduct at issue. Also, the business agent of the Union represented him even though she was a key witness who could rebut what Plaintiff believed was a key element of the decision to fire him – his alleged untruthfulness with his supervisors.

Finally, the Union failed to present adequate evidence of company violations of the collective bargaining agreement.

The law, as noted in my prior opinion, requires Plaintiff to plead both that the Union acted arbitrarily and that its actions affected the outcome of the arbitration. The arbitration record and the decision of the arbitrator are central to the case, and I consider them now, as I did before, despite the lamentable failure of Plaintiff to attach them to his pleadings which reference both the proceedings and the decision. The repleading which I allowed in this case was to allow the plaintiff to plead his case with respect to the proposition that the outcome of the arbitration might well have been different if his Union had handled the case the way he thinks it should have. He does not have a completely free hand here because he cannot use the benefit of hindsight to make his case. And, in fact, the tenor of the re-pled complaint is essentially this: "I lost and I should have won, and therefore the Union's violation of its duty to me is quite obvious."

Apart from the tenor of the complaint, there are specific allegations of failures, and I wanted to know how any of these might have made a difference in the outcome. Going ahead with the proceeding when the company had a lawyer may show tolerance of a breach of agreement, but no theory is offered as to how this might have affected the outcome.[1]

The Union did present testimony of a medical explanation for loss of consciousness while on duty, and the arbitrator noted this evidence in his decision and considered this theory of

---

[1] The unwillingness to insist on the "no attorneys" rule might be relevant to the question of the arbitrariness of the Union's actions, but there is no attempt in the pleading to show how this might have made a difference; perhaps because the transcript does not support any contention that it could have made a difference. As I noted in the earlier opinion, the Union does not have a duty to provide an attorney at the arbitration.

defense in reaching his conclusion. What the plaintiff argues is that there were "stacks and stacks" of medical records not put into evidence. Plaintiff does not attempt to give even the briefest description of which of those records might have made a difference and why. And these are records which are available now to Plaintiff, not material he would have to wait for in discovery.[2] In this case, there may be something in those records that could be summarized in a short plain sentence that would make it plausible that failure to introduce the record would affect the outcome. Essentially, even with the benefit of hindsight, Plaintiff has not satisfied a standard which would allow him to show ineffective representation.

The issue of the Union representative disabling herself from offering testimony by serving as a representative is difficult to fathom since she was not the only Union person at the meeting where Plaintiff made his statements to management; there was another witness. Moreover, no witness could testify as a matter of personal opinion that Plaintiff was truthful or untruthful in his statements to management because neither was present at the incidents leading to termination. Witnesses are not authorized to vouch for the credibility of another witness. In any event, the arbitrator found it unnecessary to determine whether Plaintiff lied or told the truth to management. It was immaterial to the outcome and not a ground for relief here.

---

[2] While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (internal citations and quotations omitted). As the Seventh Circuit noted, "it is not enough for a complaint to *avoid foreclosing* possible bases for relief; it must actually *suggest* that the plaintiff has a right to relief." *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 777 (7th Cir. 2007).

The claim that the Union did not raise various violations of the collective bargaining agreement, like the claim about allowing the company to have an attorney, could be relevant to a claim of arbitrary conduct, but there is no description of how the result might have been altered.

If there were discrimination by CBS, then that is grounds for a suit against CBS (which suit is now probably barred by statutes of limitations); it is not grounds for a suit against the Union where there is no allegation that the Union discriminated.[3] What the Union did do is present to the arbitrator evidence that there were other employees who were involved in accidents who were not discharged. So the Union did present evidence of inconsistent treatment to the arbitrator.

The plaintiff ultimately fails to plead a case because he does not offer enough facts (really, not any facts) on which a reasonable finder of fact could conclude that, had the Union fought his case as he now wants it fought, it would probably have affected the outcome. I spelled out for Plaintiff what deficiencies in the complaint needed to be remedied, and Plaintiff's "failure to fix those shortcomings provides able grounds for dismissal." *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007). This is not a case in which the plaintiff can only guess what evidence his Union representative could have presented. The credibility of management, according to the arbitrator, had no bearing on the decision in the case. So he won that one anyway. The fact that management broke its word is not shown to have affected the outcome. There is nothing so extraordinary in general about an arbitration in which management has a lawyer and the grievant has a non-lawyer Union representative that gives rise

---

[3]There could be a claim that the Union discriminated as well, by its own conduct or its ratification of WBBM-TV's discriminatory policy, but that is not alleged and, in any event, is probably time-barred as well.

to a presumption of unfairness. There is nothing in the complaint that would allow the inference that the presence of a management lawyer affected the outcome in any way. No allegation speaks to what specific un-offered medical evidence might have affected outcome. The race discrimination claims, if valid, belong in a lawsuit other than this one. In the context of this case, in which the evidence that the Union representative failed to offer is known to Plaintiff, he has failed, for the second time, to allege facts which might make a plausible case for prevailing against Defendants.

The motion to dismiss the claim against the Union is granted. With that ruling, the claim against the employer is also dismissed.

ENTER:

James B. Zagel
United States District Judge

DATE: November 15, 2007